```
                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF OHIO


CURTIS A. MALONE,              )    CASE NO. 3:05 CV 1692
                               )
          Petitioner,          )    JUDGE DAN AARON POLSTER
                               )
     v.                        )
                               )    MEMORANDUM OF OPINION
ROB JEFFREYS,                  )    AND ORDER
                               )
          Respondent.          )
```

On June 29, 2005, petitioner <u>pro se</u> Curtis A. Malone filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Malone is incarcerated in an Ohio penal institution, having been convicted, pursuant to a guilty plea in 1999, of rape (2 counts), having a weapon under disability, and repeat violent offender and sexually violent offender specifications. As grounds for the petition, Malone asserts that his indictment was not amended in accordance with Ohio rules and statutes, and that the indictment was not properly endorsed by the grand jury foreman. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the

ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Finally, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the petition that Malone exhausted all available remedies well over one year prior to the date he filed this action.[1] Further, none of the other

---

[1] The petition indicates the last court decision
(continued...)

circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no suggestion of any other basis for tolling the one year statute of limitations.  Therefore, the petition must be dismissed as time-barred.

Further, even if this action had been timely filed, the issues raised by Malone are not of a federal constitutional nature.  It is not the province of this court to reexamine state-court determinations on state-law questions.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

<u>/S/Dan Aaron Polster 8/9/05</u>
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
concerning Malone's convictions was in 2001.